# BLEAKLEY PLATT
NEW YORK   CONNECTICUT

BLEAKLEY PLATT & SCHMIDT, LLP

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
Fax: 914.683.6956
BPSLAW.COM

ROBERT D. MEADE
914.287.6112
RMEADE@BPSLAW.COM

## MEMO ENDORSED

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08
```

January 17, 2008

**By Facsimile**

Hon. Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

Re: *Spollen v. Guardian Life*
**08 CV 305 (CM)**

Dear Judge McMahon:

We are the attorneys for the defendant in this recently removed action. This is written in response to the letter to the Court of Elizabeth Eilender, the attorney for the plaintiff, dated January 16, 2008. Ms. Eilender requests the Court to adopt the discovery order of State Supreme Court Justice Charles Ramos, dated November 21, 2007. Guardian opposes this request.

This action was commenced in state court against an ERISA plan by a medical provider who did not have an assignment of rights from the insured patient. Consequently, the plaintiff lacked standing to sue. IV Services v. Trustees of American Consulting, 136 F.3d 114, 117, fn. 2 (2d Cir. 1998). Plaintiff did obtain such an assignment dated January 8, 2008 and served it upon Guardian. At that time, the case was removed for the reasons stated in the Notice of Removal. A copy (without exhibits) is enclosed.

An initial conference was held in the state court action on September 26, 2007. At that time, I indicated Guardian's jurisdictional objections to the law secretary for Justice Ramos. I added, however, that rather than submit a motion to dismiss Guardian would be willing to consider the claims which were denied for the failure of the plaintiff to submit evidence of medical necessity for the services if this defect was corrected. The plaintiff had filed a claim for payment for numerous physical therapy sessions for the entire year of 2006 for a patient but did not submit anything such as a prescription from a physician indicating that such services continued to be required. In fact, Guardian had sent numerous explanations of benefits

*[Handwritten annotation:]* 1/17/08 Too bad. This action was untimely removed but there's not going to be a motion to remand. It looks like it was untimely removed to get around Judge Ramos' order. The order is adopted by me. You can make your summary judgment motion, but I will hold it in abeyance until all pending state court orders.

Hon. Colleen McMahon
January 17, 2008
Page 2

statements to the plaintiff containing the reason for refusing to pay – "PHYSICIAN MUST SUBMIT A WRITTEN DIAGNOSIS OR REASON FOR THIS SERVICE." The response of the plaintiff was to sue Guardian for breach of contract and fraud!

At the conference Elizabeth Eilender, plaintiff's attorney, agreed to obtain this basic medical substantiation and the matter was adjourned for two months. However, plaintiff sent a prescription from a physician, Dr. Morton Finkel, ordering physical therapy for October, November and December of 2007. Nothing has ever been received for 2006, the year at issue.

A letter dated November 19, 2007 was sent to Ms. Eilender pointing out Guardian's objection to the prescription. To avoid any further delay, I also indicated that Dr. Lewis Rowland was listed by the plaintiff as the attending physician and that the medical necessity information for 2006 should be obtained from the actual prescribing physician.

A conference was scheduled in the state court action for November 21, 2007. I was unable to attend and sent Victoria Lehning, an associate to the conference. I indicated to Ms. Lehning that the purpose of the conference was to deal with the fact that the plaintiff still had not documented his claim.

I was advised by Ms. Lehning after the conference that Justice Ramos had a new law secretary and that an attorney from the insured law firm, Jaroslawicz & Jaros, not Ms. Eilender, attended for the plaintiff. I was advised that the anticipated issues were not discussed by the law secretary. The conference resulted in the issuance of the preliminary conference order sent to you by Ms. Eilender.

During subsequent telephone conversations, Ms. Eilender agreed that she would obtain the attending physician information rather than litigate the case. However, for some reason the plaintiff adopted a position inconsistent with any attempt to resolve the issues.

When the assignment permitting removal was received, I was in the process of writing to Justice Ramos to request a conference to discuss the issues and to request permission to move for summary judgment on the basis of the lack of the standing of the plaintiff to sue without an assignment and his failure to exhaust ERISA administrative remedies.

The pretrial order which plaintiff requests you to adopt goes far beyond the type of discovery permissible in an ERISA action. Such discovery is generally limited to the administrative record. Perlman v. Swiss Bank Corporation, 195 F.3d 975, 981-82 (7th Cir. 1999). This rule is consistent with the fact that judicial review of an ERISA claim decision by a claims administrator having discretionary authority (such as Guardian) is generally limited to the administrative record. See the decision of this Court in Dipper v. Union Labor Life Insurance Company, 400 F.Supp.2d 604 (2005).

Hon. Colleen McMahon
January 17, 2008
Page 3

    The state court discovery order goes far beyond the record of this claim. Production of all claim files for this patient from 1999 to the present is required as are rules pertaining to the payment of physical therapy claims in effect since 2000. None of these documents are relevant to the failure of the plaintiff to provide medical support for his 2006 claim or the entitlement of the plaintiff to payment for such services.

    In fact, the entire action is premature since the plaintiff has not exhausted his administrative remedies by supplying the requested information as is required of all ERISA claimants. See, e.g., Davenport v. Abrams, Inc., 249 F.3d 130, 132-33 (2d Cir. 2001); Barnett v. IBM Corp., 885 F.Supp. 581, 586-87 (S.D.N.Y. 1995).

    It is requested that a conference be scheduled so that these issues may be resolved or leave to file a dispositive motion granted to Guardian.

                                       Respectfully,

                                       ROBERT D. MEADE

RDM:sam
Encl.

cc:    Elizabeth Eilender, Esq. *(By Email)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARTIN SPOLLEN, P.T.,

                  Plaintiff,           **NOTICE OF REMOVAL**

    -against-

                                         Civ. Action No. 2008 CV 00305
THE GUARDIAN LIFE INSURANCE                     Judge McMahon
COMPANY OF AMERICA,

                  Defendant.

------------------------------------------------------------X

TO:    THE UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK

        Defendant, The Guardian Life Insurance Company of America ("Guardian"), by its attorneys, Bleakley Platt & Schmidt, LLP, hereby gives notice of removal of the above-captioned action and respectfully states:

        1.    Guardian is the defendant in a civil action commenced on July 17, 2007 in the Supreme Court of the State of New York, County of New York. The New York County Clerk's Index Number is 602347/07. Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Guardian removes this action to the United States District Court for the Southern District of New York which is the judicial district in which the action is pending.

        2.    The grounds for removal of this action are as follows: This is an action commenced by the plaintiff, a provider of medical services, to recover payment from an employee health insurance plan issued pursuant to, and subject to, the provisions of the

Employee Retirement Income Security Act of 1974 (ERISA). The services were rendered to an individual insured under Group Plan Number G280964 under which Jaroslawicz & Jaros is a Participating Employer. A copy of the Jaroslawicz & Jaros plan is Exhibit "A." Please see the specific ERISA provisions at pp. 58-59 of the plan. An employer provided benefit plan is, by definition, subject to ERISA. See 29 U.S.C. Section 1003(a)(1). Arnold v. Lucks, 392 F.3d 512, 519 (2d Cir. 2004). Guardian group health plans are issued pursuant to ERISA. Diagnostic Medical Associates v. The Guardian Life Insurance Company of America, 2001 U.S. Dist. LEXIS 12673 (S.D.N.Y. 2001).

  3.   28 U.S.C. Section 1446(b) provides that an action which was not removable when commenced can be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This action was not removable when it was commenced. Pursuant to 29 U.S.C. Section 1132(1)(B), only a "participant or beneficiary" may sue for benefits from an ERISA plan. In the state court action, Guardian's answer included the affirmative defense that the plaintiff did not have standing to sue. In this Circuit, suit may also be brought against an ERISA plan by a medical provider who receives an assignment of the rights of the insured person against the plan. I.V. Services v. Trustees of American Consulting, 136 F.3d 114, 117, fn. 2 (2d Cir. 1998). This Notice of Removal is timely under Section 1446(b) because the removability of this action was not apparent until January 11, 2008, the date upon which the plaintiff served upon Guardian an assignment to him of the rights of the insured person against Guardian. See Exhibit "B." Pursuant to applicable law, this assignment provides standing to the plaintiff to sue for benefits

2

from this ERISA plan. A change in the jurisdictional status of a party can supply grounds for removal. 16 MOORE'S FEDERAL PRACTICE 3D, Section 107.30(3)(a)(ii)A and B. While a suit for benefits from an ERISA plan brought by a participant or beneficiary (29 U.S.C. Section 1132[1][B]) is necessarily federal in nature without regard to the allegations of the complaint, Dipper v. Union Labor Life, 400 F.S.2d 604, 608-9 (S.D.N.Y. 2005), a suit brought in state court against an ERISA plan by a medical provider who does not possess an assignment cannot be removed because of the jurisdictional impediment. NYU Hospitals Center-Tisch v. Local 348 Health & Welfare Fund, 2005 U.S. Dist. LEXIS 256 (S.D.N.Y. 2005); Pascak Valley Hospital v. Local 464A UFCW Plan, 388 F.3d 393, 400-401 (3d Cir. 2004). As stated in NYU Hospitals, supra, the party seeking to remove a provider suit must establish the existence of an assignment. Id. at *9.

4. Consequently, as the result of the assignment, this action now arises under the laws of the United States within the meaning of 28 U.S.C. Section 1331. This Notice of Removal is timely under 28 U.S.C. Section 1446(b) in that it is filed within thirty (30) days of receipt of the paper demonstrating removability.

5. This is a sufficient assignment under ERISA since it evidences an intent to "effect a present transfer of a complete interest in future benefits . . . for services already provided . . . Weisenthal v. United Health Care Insurance Company of New York, 2007 U.S. Dist. LEXIS 91447 at *14 (S.D.N.Y. 2007).

6. The letter from the attorney for the plaintiff to the attorney for the defendant, which accompanied the assignment and refers to the same, can also be considered as an "other paper" under Section 1446(b) which indicates that federal subject matter exists and the case is

3

now removable. Correspondence can satisfy the statutory criteria. Soto v. Apple Towing, 111 F.S.2d 222 (E.D.N.Y. 2000); 14C Wright-Miller-Cooper, Federal Practice & Procedure, Section 3732, pp. 309-310; Addo v. Globe Life & Accident Insurance Company, 230 F.3d 759, 761 (5th Cir. 2000). Such correspondence may include a letter indicating that a basis for federal jurisdiction now exists. See Hessler v. Armstrong World Industries, Inc., 684 F.Supp. 393 (D. Delaware 1988) cited in Wright & Miller, supra.

7. All state-court pleadings served in the action consisting of the Summons and Complaint and Answer are attached as Exhibits "C" and "D" respectively.

WHEREFORE, defendant, The Guardian Life Insurance Company of America, hereby gives notice pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 of the removal of this action from the Supreme Court of the State of New York, County of New York.

Dated: White Plains, New York
January 14, 2008

                                       BLEAKLEY PLATT & SCHMIDT, LLP

                                       BY: _____
                                             ROBERT D. MEADE (RM8324)
                                       *Attorneys for Defendant*
                                       ONE NORTH LEXINGTON AVENUE
                                       P.O. BOX 5056
                                       WHITE PLAINS, NY 10602-5056
                                       (914) 949-2700

# BLEAKLEY PLATT & SCHMIDT, LLP

One North Lexington Avenue
P.O. Box 5056
White Plains, New York 10602-5056
(914) 949-2700

Date: January 17, 2008                    File: 01022-00194

| ADDRESSED TO: | TELEPHONE NO. | FACSIMILE NO. |
|---|---|---|
| Hon. Colleen McMahon | | (212) 805-6326 |
| | | |

FROM: _____ Robert D. Meade _____

RE: Spollen v. Guardian Life 08 CV 305 (CM)

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 8

COMMENTS:

If you do not receive all pages, please call (914) 949-2700 and ask to speak with the sender.

Bleakley Platt & Schmidt Facsimile No.: (914) 683-6956

IMPORTANT NOTICE: The accompanying fax transmission is intended to be viewed and read only by the individual or entity named above. If you are not the intended recipient so named, you are prohibited from reading this transmission. You are also notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original transmission to us by the U.S. Postal Service.

Thank you.